# CIRCUIT COURT OF ROANOKE COUNTY

Mary Elizabeth Minter,
James E. Walker, Jr.,
and Amy Johnson

 v.

Commonwealth of Virginia et al.

November 6, 2007

Case No. CL07-918

BY JUDGE JAMES R. SWANSON

This case was heard on September 25, 2007. In rendering the decision that follows, the Court has considered the arguments advanced and the memoranda filed by counsel.

It is fundamental that a citizen of Virginia who believes that he or she has been aggrieved by a law has the right to challenge the constitutionality of that law. The United States and Virginia Constitutions guarantee no less. In the instant case, the plaintiffs have alleged that Va. Code § 46.2-206.1 is unconstitutional and have elected to assert their constitutional challenges by declaratory judgment action rather than as part of his or her defense against the underlying traffic charge. Since this Court has previously denied the injunctive and equitable relief sought by the plaintiffs, the issue to be addressed herein has been narrowed to whether the declaratory judgment action, as currently pending, is an appropriate means by which to pursue the plaintiffs' constitutional challenges to Va. Code § 46.2-206.1. In essence, the plaintiffs contend that the constitutionality issues they have raised fall within the broad parameters of the "actual controversy" language of Va. Code § 8.01-184 and that, as a result, the issues raised are properly before the Court. The Attorney General, on behalf of the Commonwealth of Virginia and the other

named defendants, argues that the plaintiffs' action against the Commonwealth and its officials is barred by the doctrine of sovereign immunity and that the only means available for plaintiffs to challenge the constitutionality of Va. Code § 46.2-206.1 is incident to each individual plaintiff's defense against the underlying traffic charge.

## Declaratory Judgment Action

Preliminarily, it is instructive to note the differences in the procedural standing of each of the three named plaintiffs. As of September 25, 2007, Plaintiff Minter has yet to be tried on the reckless driving charge against her. Thus, while she is clearly exposed to the fees imposed by Va. Code § 46.2-206.1, she has not been aggrieved because the fees have not been assessed against her and, theoretically, might not be. Plaintiff Walker has been convicted of reckless driving and has had the fees imposed by Va. Code § 46.2-206.1 assessed against him. Even though he has appealed the conviction, he is aggrieved for purposes of standing. Plaintiff Johnson was convicted of driving under the influence and has had the fees imposed by Va. Code § 46.2-206.1 assessed against her. Since Ms. Johnson did not appeal her conviction, she has been aggrieved for purposes of standing and, except for the instant declaratory judgment action, would be without recourse to challenge the constitutionality of Va. Code § 46.2-206.1. Therefore, at the very least, plaintiffs Walker and Johnson have direct and justiciable interests in the subject matter of this litigation. See *Pearsall v. Virginia Racing Commission*, 26 Va. App. 376, 378-79, 494 S.E.2d 879 (1998).

Va. Code § 8.01-184 provides, in pertinent part:

> In cases of actual controversy, circuit courts . . . shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed and no action or proceeding shall be open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for. Controversies involving the interpretation of . . . statutes . . . may be so determined.

Va. Code § 8.01-191 provides:

> This article is declared to be remedial. Its purpose is to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights. . . . It is to be liberally interpreted and administered with a view to making the courts more serviceable to the people.

In *Board of Supervisors of Fairfax County v. Southland Corp.*, 224 Va. 514, 297 S.E.2d 718 (1982), the Supreme Court upheld the propriety of a declaratory judgment action as a means by which to challenge the constitutionality of a Fairfax County zoning ordinance. As in the case at bar, the constitutional challenges to the ordinance at issue were based on alleged violations of the due process and equal protection provisions of the Virginia and United States Constitutions. In so doing, the Court made clear that:

> [a]n actual controversy, amounting to an actual antagonistic assertion and denial of right involving the interpretation of . . . municipal ordinances is one of the classes of cases expressly made the subject of declaratory judgment jurisdiction.

*Id.* at 521. In the view of this Court, there is little distinction between the use of a declaratory judgment action to assert constitutional challenges to a municipal zoning ordinance and the use of a declaratory judgment action to assert constitutional challenges to the imposition of remedial driver fees as provided by Va. Code § 46.2-206.1. Since there exists an actual controversy as to at least two of the named plaintiffs in the instant action, the declaratory judgment action, as currently pending herein, is an appropriate vehicle by which to challenge the constitutionality of Va. Code § 46.2-206.1.

### Sovereign Immunity

It is clear that "[t]he doctrine of sovereign immunity is alive and well in Virginia." *Messina v. Burden*, 228 Va. 301, 307, 321 S.E.2d 657 (1984). In the nature of a rule of social policy, the doctrine of sovereign immunity:

> serves a multitude of purposes including, but not limited to, protecting the public purse, providing for smooth operation of government, eliminating public inconvenience and danger that might spring from officials being fearful to act, assuring that citizens will be willing to take public jobs, and preventing citizens from improperly influencing the conduct of governmental affairs through the threat or use of vexatious litigation.

*Id.* at 308. Necessarily, the doctrine applies to insulate the Commonwealth and its officials from burdensome interference in the conduct of their governmental duties and responsibilities. *Hinchey v. Ogden*, 226 Va. 234, 240, 307 S.E.2d 891 (1983) (citations omitted).

In support of its position, the Commonwealth relies on *Afzall v. Commonwealth*, 273 Va. 226, 231, 639 S.E.2d 279 (2007), wherein the Supreme Court recognized that "[a]s a general rule, the Commonwealth is immune both from actions at law for damages and from suits in equity to restrain governmental action or to compel such action." In so doing, the Court further noted that "sovereign immunity *may* also bar a declaratory judgment proceeding against the Commonwealth." *Id.* (citations omitted; emphasis added).

In the instant case, the Plaintiffs' requests for injunctive and equitable relief were denied on September 25, 2007. As a result, the Plaintiffs' declaratory judgment action remains viable only insofar as it raises various constitutional challenges to Va. Code § 46.2-206.1. The instant action, in its present form, seeks neither tort nor contract relief and, more specifically, does not seek an award of damages against the Commonwealth. It is not based on any particularized allegation of wrong on the part of the Commonwealth of Virginia or any of its officials. The Amended Complaint names Governor Timothy Kaine, State Comptroller David A. Von Moll, and DMV Commissioner D. B. Smit, as additional defendants. In its present procedural context, the plaintiffs' action no longer seeks to compel governmental action and seeks to restrain governmental action only as it extends to the improper implementation of a law the plaintiffs argue is unconstitutional. Clearly, an action that advances constitutional challenges to a legislative enactment does not jeopardize the Commonwealth's ability to govern or its control over state funds or property. In our system, there is nothing more fundamental than the right of a citizen to challenge a law on the basis of its unconstitutionality. By their present action, the plaintiffs herein seek nothing more. In such limited context, the doctrine of sovereign immunity is not applicable to bar the plaintiffs' declaratory judgment action against the Commonwealth of Virginia. Therefore, the defendants' assertion of the sovereign immunity bar is misplaced.

## Conclusion

For two of the three plaintiffs, the imposition of the civil remedial fees imposed by Va. Code § 46.2-206.1 constitutes an actual and justiciable controversy based on present facts and, as such, is neither hypothetical nor abstract. In light of its remedial purpose and the procedural posture in which the plaintiffs' case now stands, the declaratory judgment action filed by plaintiffs is an appropriate means by which to raise the plaintiffs' constitutional challenges to Va. Code § 46.2-206.1. Furthermore, given the

narrowed scope of the pending proceedings, the doctrine of sovereign immunity does not bar the plaintiffs' assertion of the constitutional deficiencies alleged in the instant declaratory judgment action. Consequently, the motion of the Commonwealth to dismiss on sovereign immunity grounds is denied.

In light of the rulings contained herein and the current procedural status of this case, it is requested that counsel give additional consideration to whether Governor Timothy Kaine, State Comptroller David A. Von Moll, and D. B. Smit, Commissioner of the Department of Motor Vehicles, should be dismissed as party defendants herein.